**Nelson HARDY, in his own behalf and on behalf of all others similarly situated, Plaintiff,**

**v.**

**A. L. MILICAN, d/b/a Sam's Union 76 Truck Stop, Defendant.**

**No. EC 72–4–S.**

United States District Court, N. D. Mississippi, E. D.

Feb. 7, 1973.

---

Nausead Stewart, of Anderson, Banks, Nichols & Leventhal, Jackson, Miss., Jesse C. Pennington, West Point, Miss., for plaintiff.

A. M. Edwards, Jr., West Point, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's objection to the bill of cost submitted to the clerk for taxation by the plaintiff, pursuant to Rule 54(d) F. R.Civ.P.

Defendant objects to the allowance of fees for witnesses in the sum of $369.60. This item includes an amount taxed for the witness, Sgt. Albert Bynum (Bynum) whose residence is shown on the bill of cost as being 162 Hughes Street, Fort Hauchuca, Arizona. The amount includes three days attendance at $20.00 per day, or a total of $60.00 for attendance, and mileage in the sum of $309.60 for 3096 miles. Defendant's only objection is to the allowance of mileage. He does not object to the per diem allowance.

The Court, in the oral opinion rendered from the bench at the conclusion of the hearing, stated:

Of course costs [will] be awarded plaintiffs, and that will include allowance for witnesses, plus mileage.

Of course the mileage for Mr. Hardy will not be allowed because he is a party to the suit—and he would have to be in and out—and I don't think you can give a witness fee to a party.

But for the witnesses, of course which is $20 a day plus mileage, to get here from their residence wherever they live, *within the state,* that can be handled before the Clerk, as the law provides. (Emphasis supplied).

The parties have submitted excellent briefs and they have been duly considered by the court.

In addition to his brief, plaintiff has submitted for the court's consideration affidavits of his principal attorney, Ms. Nausead Stewart, and the witness who is involved in the controversy.

Ms. Stewart states that she endeavored to locate witnesses in the West Point area to corroborate plaintiff's contention that defendant was guilty of practicing unlawful racial discrimination in the operation of his establishment near West Point. Being unable to do so, she associated Honorable Jesse Pennington, an attorney of the West Point Bar, in the case primarily for the purpose of locating witnesses to testify in the case. Pennington was not successful in this endeavor. Ms. Stewart and Pennington were aware of Bynum's experience at defendant's establishment and prevailed upon him to come from his station in Arizona to Aberdeen, Mississippi for the trial.

Bynum stated in his affidavit that he made the trip to Aberdeen for the specific purpose of testifying in the case, and that he drove his automobile 3096 miles in making the trip.

Bynum was an important witness for plaintiff. Defendant contends, however,

that Bynum's testimony was not essential because Pennington took the stand and testified of a personal experience which he had at defendant's establishment, supporting the charge of racial discrimination. Pennington was, however, one of plaintiff's trial attorneys and to that extent was an interested witness. Bynum was, therefore, the only disinterested witness in the case for plaintiff.

Section 1821, Title 28 U.S.C.A. provides in part: "[a] witness attending in any court of the United States . . . shall receive $20 for each day's attendance . . . and 10 cents per mile for going from and returning to his place of residence". Rule 54(d) F.R. Civ.P. provides in part: "Costs shall be allowed as of course to the prevailing party unless the court otherwise directs".

The language of the statute and rule above mentioned clearly provide for the allowance of the mileage which is the subject of the controversy between the parties in this action.

It is well recognized that the allowance of costs rests largely in the discretion of the trial court. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

The limitation contained in the Court's oral opinion delivered from the bench at the close of the case was made without the benefit of the facts now revealed by the record. It would be manifestly unfair to the witness for him to drive over 3000 miles in order to testify for plaintiff and, then, deny him reimbursement for his travel expense. Likewise, it would not be fair for plaintiff to bear the expense, as such was not within the contemplation of the court in fixing his damages.

The court is of the opinion that justice and fair treatment requires the court to overrule the objection of defendant.

An appropriate order will be entered.