James R. MORRISON, Plaintiff,

v.

ALLELUIA CUSHION CO.,
INC., Defendant.

No. EC 75–41–S.

United States District Court,
N. D. Mississippi, E. D.

Dec. 2, 1976.

Lester F. Sumners, Darden & Sumners, New Albany, Miss., for plaintiff.

George F. Woodliff, Heidelberg, Woodliff & Franks, Jackson, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Defendant, the successful party in this action, has tendered its bill of costs to the clerk to be taxed as provided in Fed.R. Civ.P. 54(d). Plaintiff has filed objections to the allowances. These matters are now before the court for determination.

The court is guided in its determination of the issues by the applicable statutes. 28 U.S.C. § 1821 (Witness fees and travel allowance) and 28 U.S.C. § 1920 (General court costs, including costs of depositions), and by the following court decisions: *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *U. S. v. Kolesar*, 313 F.2d 835 (5th Cir. 1963); *Wade v. Mississippi Cooperative Extension Service*, 64 F.R.D. 102 (N.D.Miss.1974); *Rowland v. Kitchens*, 63 F.R.D. 385 (N.D. Miss.1974); *Morris v. Carnathan*, 63 F.R.D. 374 (N.D.Miss.1974); *Hardy v. Milican*, 58 F.R.D. 448 (N.D.Miss.1973).

The basic and underlying theory of the cases above-cited is that the allowance of fees and expenses for witnesses and the costs of depositions to the prevailing party is to a great extent within the sound discretion of the trial court to be exercised in light of the facts peculiar to the case involved.

The issues in controversy can be divided into two main categories: (a) witness fees and expenses, and (b) deposition costs, postage and photocopies of exhibits.

A. *Witness Fees and Expenses—$1,073*

■ 1. J. B. Morris—$259.00. Mr. Morris is the executive officer and principal stockholder of the corporate defendant. He was defendant's designated representative at trial and was not placed under the rule as to the presence of witnesses in the courtroom.

The corporate defendant has one of its largest plants located within 30 miles of the place of trial. Morris must be assigned the role of a party to the litigation and, as such, witness fees and expenses are not allowable as an item of costs to be recovered from the losing party.

■ 2. Hinton V. Hardy—$88.00. The charge here for 2 days trial attendance at $20.00 per day, subsistence for 2 days at $16.00 per day, and travel allowance of $16.00 or a total charge of $88.00 appears to be proper and will be allowed.

■ 3. Harold Allison—$187.00; John L. Dupre—$187.00; and Homer Roesener—$352.00. These witnesses attended the trial for 2 days. Defendant has charged a witness fee for each at the rate of $20.00 per day and subsistence at the rate of $16.00 per day. These charges appear to be proper and should be allowed. Allison and Dupre traveled from Fort Worth, Texas, the home office of defendant, to Aberdeen, to attend the trial (a distance of 1,150 miles, round-trip). Roesener traveled to the trial from Denver, Colorado, a round-trip distance of 2,080 miles. The defendant listed a mileage charge of $115.00 for each of the witnesses, Allison and Dupre, and $280.00 for the witness Roesener. Plaintiff objects to the mileage allowance, contending that mileage should not be allowed beyond the reach of the subpoena power of the court of 100 miles.

This court, in *Hardy v. Milican*, 58 F.R.D. 448, 450 (N.D.Miss.1973) allowed an out-of-state witness, a member of the armed forces of the United States, mileage to Aberdeen, the place of the trial from his base at Fort Hauchuca, Arizona. In a bench opinion rendered at the conclusion of the trial, the court limited the mileage charge for witnesses appearing in the case to the distance from the court site to the place of residence of the witness, *within the state*. At a later time, when considering the bill-of-costs, the court allowed the out-of-state mileage for the non-resident witness be-

cause of the peculiar circumstances of the case.

Subsequent to the Supreme Court's ruling in *Farmer v. Arabian American Oil Company, supra,* in which the court refused to hold that a district court cannot under any circumstances tax as costs, expenses for transporting witnesses more than 100 miles, the lower courts have generally held that the matter is within the sound discretion of the trial court.

The three witnesses here involved, were either employees, former employees or business associates of defendant. Their depositions for evidentiary purposes were taken before trial at Fort Worth, at considerable expense to plaintiff. Defendant elected to procure the attendance of the witnesses, even though the depositions were on file and could have been used. Defendant urges that the personal attendance of witnesses is to be preferred at a trial by jury over the use of pretrial depositions, especially in actions involving a large amount of money, as is the case here.

The court has weighed the equity on both sides of the question and finds that the circumstances do not warrant a large mileage allowance for these witnesses. The circumstances are not similar to those existing in *Hardy v. Milican, supra.* The mileage allowance will be reduced to $20.00 for each witness (200 miles at 10 cents per mile).

B.  *Deposition Costs, Postage and Photocopies of Exhibits.*

1.  Deposition costs—$778.85.

■   (a) O. L. Pierce—$76.40. The testimony of Mr. Pierce was indispensable to plaintiff's case. He occupied an adverse position to that of defendant. The taking of his deposition prior to trial was reasonably necessary for an adequate preparation of the case. Counsel had an urgent need for a copy of the deposition to use at trial for cross-examination and impeachment purposes. Counsel did not have ready access to the deposition filed with the clerk. The court finds this charge to be a proper one.

■   (b) James   R.   Morrison—$182.00. Mr. Morrison was the plaintiff in the case. The reasons advanced by the court in reference to the Pierce deposition apply here with equal force. The objection to the allowance of this item will be overruled.

■   (c) J. B. Morris—$105.25. This witness occupied the position of an active party in the litigation representing defendant's interest throughout the trial. The objection to the allowance of this item is sustained.

■   (d) Hinton V. Hardin—$39.50; Harold Allison—$55.65; John L. Dupre—$77.85; Homer Roesener—$70.45. These witnesses appeared at the trial to offer live testimony. The depositions could not have been used except for cross-examination or impeachment purposes. The court presumes that defendant would not have used them for such purposes. The objection to these charges is well taken.

■   (e) Ray   Anthony—$39.00;   Frank West—$37.15; Harold Ward—$81.55. The record does not reflect the nature of the evidence to be given by these witnesses. In the absence of some showing in that regard, the objection appears to be well taken.

■   2.   Postage and Photocopies of Exhibits—$13.55. The court does not have any information on which to predicate an allowance of this item. For this reason, the objection will be sustained.

The court will enter an appropriate order.