**Georgios MASTRAPAS, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 80–71167.**

United States District Court, E. D. Michigan, S. D.

Jan. 21, 1982.

David J. Hutchinson, Ann Arbor, Mich., for plaintiff.

Neill T. Peters and Marilyn Naiman-Kohn, Detroit, Mich., for defendant.

## OPINION

GUY, District Judge.

This action is before the court on the parties' cross motions for review of the Clerk's taxation of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Following a jury verdict of no cause of action, this court entered judgment in favor of defendant New York Life Insurance Company (NYLIC) on June 25, 1981. On July 7, 1981, NYLIC filed its bill of costs with the Clerk in the amount of $4,678.25. No objections having been filed by the plaintiff, the clerk taxed costs in the amount of $1,917.25 on August 26, 1981.

Defendant NYLIC has filed a motion for review of the Clerk's taxation of costs. In its motion, defendant contends that the Clerk's taxation was improper in its exclusion of expert witness fees and certain costs incident to the taking of depositions obtained for use in the action. Specifically, NYLIC seeks: (1) costs for the second deposition of the plaintiff in the amount of $72.00; (2) costs associated with the video depositions of two doctors in the amount of $790.00; (3) expert witness fees in the amount of $1,420.00; (4) statutory docket fees for the admission of depositions into evidence in the amount of $5.00; and (5) hospital charges for the examination of plaintiff in the amount of $914.74, for a total amount of $3,201.74.

Plaintiff objected to NYLIC's motion for additional costs and has filed his own motion for review of the Clerk's taxation of costs. It is plaintiff's contention that no costs should have been taxed. In the alternative, plaintiff asserts that the Clerk erred in taxing interpreter's fees in the amount of $430.00, and fees relating to the appearance at trial of defendant's corporate representative.

The taxation of costs is generally governed by Rule 54(d) of the Federal Rules of Civil Procedure which provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

The term "costs" has been defined as a court-awarded allowance usually, but not always, granted to the prevailing party and against the losing party as reimbursement for certain expenses incurred in the maintenance of an action or defense. 6 *Moore's Federal Practice* ¶ 54.70[1]; *O'Neil v. Kansas City S. & M. R. Co.*, 3 F. 663, 664 (W.D.Tenn.1887).

While Rule 54(d) sets forth the general rule that costs are to be allowed as of course to the prevailing party, Congress has specifically provided for the taxing of certain costs. Title 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and Disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Congress has also provided for the allowance of certain witness fees in 28 U.S.C. § 1821.

Although the district court is vested with discretion to allow costs except when the matter is controlled by federal statute, the Supreme Court has cautioned that this discretion should be exercised judiciously. In addition, the Court has noted that the district courts should be concerned with keeping the cost of litigation at a minimum. In *Farmer v. Arabian American Oil Co.,* 37 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), Justice Black stated:

[I]tems proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. *Therefore, the discretion given district judges to tax costs should be sparingly allowed by statute. Such a restrained adminis-*

*tration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation.* (Emphasis added.)

*See also, Loewen v. Turnipseed,* 505 F.Supp. 512, 517 (N.D.Miss.1980); *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 135–36 (E.D.Va.1973).

In his motion for review of the Clerk's taxation of costs, plaintiff specifically attacks two items taxed by the Clerk: the award of interpreter's fees and the award of witness fees, subsistence fees, and travel expenses for the appearance at trial of NYLIC's corporate representative. After careful consideration of the facts and relevant law, the court finds that the award of interpreter's fees was proper but the amount of fees and costs taxed by the Clerk relating to the appearance at trial of defendant's corporate representative must be reduced.

The taxation of interpreter's fees is governed by 28 U.S.C. § 1920(6), which provides in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

. . . .

(6) Compensation of court appointed experts, *compensation of interpreters,* and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. (Emphasis added.)

The language of § 1920(6) expressly provides that the compensation of interpreters may be taxed as costs. In addition, the statute provides for the taxation of expenses incurred in connection with special interpretation services available pursuant to 28 U.S.C. § 1828. Plaintiff's argument that § 1920(6), insofar as it relates to interpreter's fees, concerns only those fees incurred pursuant to 28 U.S.C. §§ 1827 and 1828, is unpersuasive. A plain reading of the statute convinces the court otherwise.

■ While the attorneys for the parties initially agreed that plaintiff would be examined without the aid of an interpreter, it appears that during the course of plaintiff's

deposition it became apparent that the services of an interpreter would be necessary, whereupon defendant employed the services of Mr. George Cartsos. Mr. Cartsos rendered his services as an interpreter for the balance of plaintiff's deposition. In addition, defendant retained another interpreter, Ms. Gabriella Jacobs, for attendance at trial in the event her services might become necessary. In light of plaintiff's inability to respond to certain questions in English during the course of his deposition, the services of Mr. Cartsos were reasonably necessary for the effective examination of plaintiff by defendant. While the services of Ms. Jacobs were ultimately not utilized, it also appears that defendant's actions in hiring Ms. Jacobs were reasonably necessary to avoid undue delay and expense at trial should any problems have developed during the trial. This is especially apparent in light of the fact that problems had in fact developed during the course of plaintiff's deposition. Therefore, this court finds that the Clerk's taxation of interpreter's fees in the amount of $430.00 was proper.

The Clerk taxed costs of $576.00 to the appearance at trial of Mr. Jerry Hahn, defendant's corporate representative. While 28 U.S.C. § 1920(3) expressly allows for the taxation of witness fees as costs, 28 U.S.C. § 1821 establishes the normal amount of such fees. Section 1821 provides in pertinent part:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

. . . .

(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

. . . .

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

The total amount of $576.00 represented the aggregate of Mr. Hahn's witness fees assessed at thirty dollars per day for four days ($120.00); his subsistence allowance of fifty dollars per day for four days ($200.00); and his air fare to and from New York in the amount of $256.00. Plaintiff argues that the witness fees and subsistence fees for Mr. Hahn should properly have been limited to thirty dollars and fifty dollars, respectively, since Mr. Hahn testified only once during the trial and could have testified on that day only. In addition, plaintiff argues that Mr. Hahn's transportation costs should have been limited to mileage of 100 miles each way.

It should initially be noted that it appears from the record that Mr. Hahn in fact testified on two separate days during the trial. While the allowance of witness and subsistence expenses does not operate as an open invitation to fill the courtroom with unnecessary witnesses throughout the trial, the general rule is that witness fees and subsistence fees are not limited to the day the witness actually testifies but include those days in which the witness rea-

**406**

sonably and necessarily attends trial. *American Steel Works v. Hurley Construction Co.*, 46 F.R.D. 465, 468 (D.Minn.1969); *Esler v. Safeway Stores, Inc.*, 77 F.R.D. 479, 482 (W.D.Mo.1978); *Linneman Construction, Inc. v. Montana-Dakota Utilities Company, Inc.*, 504 F.2d 1365, 1372 (8th Cir. 1974). It appears from the facts of this case that, although Mr. Hahn testified on only two days, he was present for the four days of trial as defendant's corporate representative. Expenses should not be taxed as costs for Mr. Hahn's appearance in court as the corporate representative. Accordingly, the court will assess witness fees of $60.00 and a subsistence allowance of $100.00 for the two days Mr. Hahn appeared in court as a witness.

■ Additionally, the Clerk's award of round-trip air fare from New York was improper. As noted, §§ 1821(c)(1) and (c)(4) provide for the taxation of normal travel expenses within and outside the judicial district of the distance necessarily traveled to and from the witness's residence. However, the court should limit travel expenses for out-of-state witnesses to the 100-mile radius of its subpoena power, absent a showing of special circumstances. *Linneman Construction, Inc. v. Montana-Dakota Utilities Co. Inc., supra.* Accordingly, the court will tax $45.00 as Mr. Hahn's transportation costs as a witness in this case, said amount consisting of 22.5 cents per mile times 100 miles each way.

■ In addition to the costs taxed by the Clerk, defendant requests the award of costs for a number of other items. Defendant first requests costs for plaintiff's second deposition in the amount of $72.00. Although depositions are not expressly mentioned in 28 U.S.C. § 1920, it is clear that the court has discretion to tax those costs under certain circumstances. *Kaiser Industries Corp. v. McClouth Steel Corp.*, 50 F.R.D. 5, 12; 6 *Moore's Federal Practice* ¶ 54.77[4]. As with other costs, the taxation of deposition expenses is a matter within the sound discretion of the trial court. *Chemical Bank v. Kimmel*, 68 F.R.D. 679, 683–84 (D.Del.1975); *Harrison Sheet Steel*

*Co. v. Morgan*, 268 F.2d 538 (8th Cir. 1959); 4 *Moore's Federal Practice* ¶ 26.82. In *Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70 (N.D.Miss.1976), the court ruled that the defendant, as the prevailing party, was entitled to recover the costs of obtaining depositions of the plaintiff and other witnesses who were indispensable to plaintiff's case and whose testimony would be adverse to defendant's position.

■ In the case at bar, Mr. Mastrapas was the plaintiff in the case. The taking of his deposition prior to trial was reasonably necessary for an adequate preparation of the case by the defendant. The Clerk properly awarded costs for plaintiff's first and third depositions. The award, however, inexplicably omitted costs for the taking of plaintiff's second deposition. The court concludes that such cost was reasonably necessary and should properly have been taxed in the amount of $72.00.

■ Defendant next contends that the Clerk erred in not awarding deposition costs incurred in the video-tape depositions of Dr. Nixon and Dr. Morariu in the amount of $790.00. Defendant maintains that these depositions were also reasonably necessary to the presentation of its case. In addition to allowing costs of obtaining depositions of the plaintiff, *Morrison, supra*, deposition costs may properly be allowed where the deponent is not a witness at trial.

Part or all of a deposition, depending upon its use, is certainly reasonably necessary for use in the case where it is read into evidence in connection with some material matter; and may properly be treated as reasonably necessary, although not read into evidence, when it serves a real value in connection with cross-examination, but not when its use is rather trivial. And a deposition may be reasonably necessary for use in the case, although it is not used at all at trial, as where: it is used in connection with a successful motion for summary judgment;

6 *Moore's Federal Practice* ¶ 54.77[4] at 1722.

■ In this regard, the court notes that the depositions of Dr. Nixon and Dr. Morariu were reasonably necessary to the presentation of defendant's case. They were taken because the physical condition of plaintiff was a material issue in the litigation. The depositions were in fact admitted into evidence and presented to the jury by video tape. The court will award the costs requested for the Nixon and Morariu depositions in the amount of $790.00. In addition, the court grants the $2.50 statutory docket fee for the introduction of one deposition at trial, the Clerk having previously awarded $2.50 for the other deposition admitted into evidence.

■ Defendant next requests expert witness fees in the amount of $1,420.00 for the services of Dr. Nixon, Dr. Morariu and Dr. Macko. Initially, it should be noted that 28 U.S.C. §§ 1821 and 1920(3) specifically authorize witness allowances only for appearance, subsistence, and travel. In *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), the Court, in a unanimous opinion by Chief Justice Hughes, held that Congressional legislation is controlling in the federal courts and that no act of Congress since 1799 has authorized expert witness fees. *Id.* at 446–47, 52 S.Ct. at 224–25. Other circuits have consistently denied such fees on this basis. *See, Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981); *Bailey v. Meister Brau, Inc.*, 535 F.2d 982, 986 (7th Cir. 1976); *Cleverock Energy Corp. v. Trepel*, 609 F.2d 1358, 1363 (10th Cir. 1979).

Defendant admits that it must establish some "exceptional circumstances" and "dominating reasons of justice" to have such costs allowed. The court finds no such circumstances or reasons present in the case at bar. There is absolutely no evidence that would suggest bad faith or fraud on the part of the plaintiff in this case, as defendant maintains. Nor has any other evidence been brought to the court's attention that would justify the allowance of such fees. Accordingly, the defendant's request for expert witness fees is denied. However, in accordance with 28 U.S.C. §§ 1821 and 1920(3), the court will allow the statutory witness fee of $30.00 for each of the three witnesses, Drs. Nixon, Morariu and Macko, for a total of $90.00. Dr. Macko testified at trial and both Dr. Nixon and Dr. Morariu testified "before [a] person authorized to take his deposition pursuant to [a] rule or order of a court of the United States...." 28 U.S.C. § 1821(a)(1).

■ Finally, defendant requests the taxation of costs for hospital charges incurred in the examination of plaintiff by defendant's expert witnesses in the amount of $914.74. Defendant admits that the parties, through their attorneys, agreed that the defendant would be financially responsible for the hospital charges incurred at Henry Ford Hospital for plaintiff's examination by Drs. Nixon, Tamayo, and Morariu. Defendant's brief in support of its motion for review of the Clerk's taxation of costs, at 6. Plaintiff was in fact examined by all three of these physicians between April 23 and April 27, 1981, resulting in hospital charges in the amount of $399.00. Furthermore, according to the plaintiff, he was requested to return for follow-up appointments and tests after his initial examinations. Plaintiff returned for these follow-up examinations and incurred additional hospital charges in the amount of $515.74. On approximately May 29, 1981, counsel for defendant was informed of the follow-up examinations and tests. At that time, defendant's counsel requested and plaintiff agreed to discontinue any further follow-up examinations. In light of the parties' own agreement and the good faith effort of the plaintiff in complying with the requests of the doctors chosen by defendant to examine him, the court denies defendant's request for taxation of hospital charges for the examination of plaintiff.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REVIEW OF COSTS TAXED BY THE CLERK and GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR REVIEW OF COSTS TAXED BY THE CLERK**

This matter is before the court on the parties' cross motions for review of costs

taxed by the Clerk. The court has carefully considered the motions and briefs filed in support thereof, and in accordance with the Opinion issued this date,

IT IS ORDERED that Plaintiff's Motion for Review of Costs Taxed by the Clerk be, and hereby is, GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion for Review of Costs be, and hereby is, GRANTED IN PART and DENIED IN PART, and that the additional amount of $583.50 be taxed as costs.