Harold SIMMONS, Plaintiff,

v.

McLEAN TRUCKING COMPANY, Defendant,

Charles D. Leary, Intervenor.

Civ. A. No. C82–1522A.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 29, 1983.

---

Debra E. Schwartz, Stanford, Fagan & Giolito, Atlanta, Ga., for plaintiff.

Robert B. Hocutt, Nall & Miller, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This action for alleged age discrimination in employment ended with a jury verdict for defendant on September 13, 1983. Judgment was entered on this date and on October 12, 1983, defendant filed a timely bill of costs. On October 20, 1983, plaintiffs filed the objection to these costs that is the subject of this order.

Defendant's bill of costs totalled $3,024.15, this figure representing its expenses incident to the taking of depositions ($629), its expenses incurred as witness fees ($1,888.55), its fees for copies of papers needed for the case ($486.60) and its docket fees ($20).

Rule 54(d) of the Federal Rules of Civil Procedure grants costs to the prevailing party as a matter of course in the absence of a countervailing rule, statute or court order. Certainly 54(d) reserves to the court a certain amount of discretion in determin-

1. It should be noted that in the instant case the plaintiffs have only alleged that there is a disparity in the financial positions of the two parties, not that the plaintiffs are in fact indigent. The court declines to decide whether this

ing the allowance of costs. Plaintiffs urge the court to exercise this discretion and completely deny the granting of costs to the defendant-prevailing party. Plaintiffs base this request primarily upon two facts (1) there is a great disparity between the financial status of the two parties and (2) there is no evidence that plaintiffs' case was frivolous. Based on these facts plaintiffs contend that the taxation of costs will "chill individuals of modest means seeking to vindicate their individual and class rights under the civil rights laws," citing *Schaulis v. CTB/McGraw Hill, Inc.,* 496 F.Supp. 666, 680 (N.D.Cal.1980).

■ This court is not persuaded by the plaintiff's argument. It may be true that "special costs," such as attorney's fees, should be awarded sparingly in cases where a plaintiff with a non-frivolous claim ultimately fails to succeed on the merits, *see, e.g., Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), or where the losing party is indigent,[1] *see Marks v. Calendine,* 80 F.R.D. 24 (N.D.W.Va.1978), but these reasons are not sufficient to compel a decision contrary to the standard rule in this case—costs to the prevailing party. Certainly this court does not want to discourage the bringing of meritorious civil rights law suits, however, the court does not believe that the award of costs made in a case such as this will have that "chilling" effect. Accordingly, the plaintiffs' objection to any taxation of costs is DENIED.

In the alternative plaintiffs argue that the total costs chargeable to them are not $3,024.15 because certain costs are excessive. Specifically, plaintiff alleges that the $1,888.55 in witness fees is excessive.

Defendant submitted the following bill for the appearance of three witnesses at trial:

would make any difference in its determination.

| WITNESS FEES (computation, cf. 28 U. S. C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| T. A. Rossi, Winston-Salem, N.C. | 1 | $30.00 | 1 | $11.55 | Appr. 300 | $278.00 (common) (carrier) | $ 319.55 |
| M. W. Sexton, Louisville, N.C. | 1 | $30.00 | 1 | $75.00 | Appr. 300 | $278.00 (common) (carrier) | $ 383.00 |
| E. R. Brenegar, Winston-Salem, N.C. | 6 | $180.00 | 5 | $450.00 | Appr. 300 | $556.00 | $1,186.00 |
| | | | | | | TOTAL | $1,888.55 |

The bulk of these fees, $1,186, is charged for the presence at trial of E.R. Brenegar. It is undisputed that Brenegar acted as the company's representative throughout the course of this trial and that he was not placed under the rule as to the presence of witnesses in the courtroom. Plaintiffs contend that because Brenegar was the company representative he became a party to the litigation and that, therefore, his expenses cannot be recovered. Plaintiffs cite two cases in support of this argument, *Mastrapas v. N.Y. Life Ins. Co.*, 93 F.R.D. 401 (E.D.Mich.1982) and *Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70 (N.D.Miss. 1976).

■ It is true that in *Morrison* the court did not tax the losing party (plaintiff) with witness fees and expenses for the defendant's designated representative. The present case, however, is more similar to *Mastrapas*. In *Mastrapas* the designated representative was present in that capacity for the entire trial and testified as a witness on two of the four days. Acknowledging that witness fees would not be taxed for his appearance as the corporate representative, the court nevertheless allowed the fees for the two days he appeared as a

witness. This court agrees that this is the equitable result in such a situation. In *Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87 (N.D.Ga.1973), Judge Moye, now Chief Judge of the Northern District of Georgia, reached the same result on similar facts. Accordingly, the court will assess witness fees of $60 and a subsistence allowance of $150 for the two days on which Brenegar testified as a witness. Defendant contends that the court should assess fees for four days, as defendant alleges that Brenegar was "called once as a witness by the plaintiff (on the second day of trial, we believe) and once as a witness by the defendant (on the next to last day of trial, we believe). (Defendant's Response Brief, filed November 3, 1983). Defendant argues that had Brenegar not been the defendant's representative, his presence would nonetheless have been required for four days.[2] After the plaintiffs had finished with Brenegar he was completely at the defendant's disposal. Allowing a defendant to wait until any time during the trial to call a witness who is also serving in the dual capacity of representative, and then charge the losing party with costs for the entire intervening period allows for too easy a circumvention of the

**2.** The court notes that this logic compels an opposite result just as easily. Had Brenegar not been called as a witness his presence would nonetheless have been required for the entire trial.

rule prohibiting taxation of costs for the company representative. The court therefore rejects defendant's argument.

Plaintiff next objects to the travel expenses of all three witnesses. All three flew to Atlanta from Greensboro, North Carolina at a cost of $278 per roundtrip flight; Brenegar made two flights. The court takes notice of the fact that Greensboro is more than 100 miles from Atlanta. The award of travel expenses beyond the 100 mile subpoena power of the court is within the court's discretion. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Absent a showing of special circumstances this court refuses to tax travel expenses beyond the 100 mile radius. *Linneman Construction, Inc. v. Montana-Dakota Utilities Co. Inc.,* 504 F.2d 1365 (8th Cir.1974). Accordingly, the court assesses travel expenses of $50 per witness, the equivalent of the statutory 25 cents per mile [3] times 100 miles each way.

In summary the court orders the plaintiff to pay the following costs to defendant:

| | |
|---|---|
| Witness Fees: | 506.55 |
| Papers: | 482.60 [4] |
| Docket Fee: | 20.00 |
| Depositions: | 629.00 |
| Total | $1,638.15 |

---

**3.** 28 U.S.C.A. § 1821(c)(2) provides that mileage allowance shall be determined by reference to 5 U.S.C.A. § 5704. 5 U.S.C.A. § 5704, in turn, provides for 25 cents per mile for a private automobile.

**4.** Defendant's actual bill of costs quotes $486.60 as the fee for papers. However, the statement of attorney Hocutt shows that the fee charged is equal to one-half of $965.20 or $482.60. Accordingly this latter figure was used in calculations.