James I. EZELLE and Wife, Marilyn Ezelle, Plaintiffs,

v.

BAUER CORPORATION, An Ohio Corporation, Doe Corporations 1 Through 5, John Does 1 Through 5 and Jane Does 1 Through 5, Defendants.

Civ. A. No. 3:92–cv–227WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 9, 1994.

John C. Sullivan, Jr., Lady Margaret Sullivan, Jackson, MS, for plaintiffs.

Chris J. Walker, Markow, Walker, Reeves & Anderson, Jackson, MS, for defendants.

## ORDER CLARIFYING AWARD OF COSTS

WINGATE, District Judge.

This matter came on for trial by jury on September 15, 1993, and resulted in a verdict for the defendant, Bauer Corporation.[1] Seeking compensatory and punitive damages, plaintiffs charged that defendant had manufactured and placed in the stream of commerce a defective fiberglass step-ladder. The court's jurisdiction was predicated upon 28 U.S.C. § 1332, diversity of citizenship.[2] Pursuant to the jury's verdict, this court's judgment directed that the plaintiffs take nothing. The court's judgment also awarded the defendant its costs.

The plaintiffs then filed a motion for a new trial on September 24, 1993. The motion alternatively asked this court to clarify the matter of costs awarded to the defendant in the event a new trial was not granted. In its reply dated November 19, 1993, defendant asserted that plaintiffs' motion for a new trial was unfounded and that this court's award of costs was proper. Defendant additionally noted that on August 10, 1993, it had made to plaintiffs a reasonable offer of judgment in the amount of $35,000.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure and that plaintiffs had refused this offer. Accordingly, defendant now contends that it is mandatorily entitled to costs under Rule 68 as submitted since the judgment obtained by the plaintiffs was not more favorable than the defendant's offer. Subsequently, this court denied the plaintiffs' motion for a new trial, but determined that the matter of costs should be clarified, especially in view of the defendant's argument under Rule 68 of the Federal Rules of Civil Procedure.

---

1. This order contemplates the defendant to be Bauer Corporation, notwithstanding the additional parties "John Doe."

2. Title 28 U.S.C. § 1332(a) provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
(1) citizens of different States;

### THE MATTER OF RULE 68

 The party who prevails in a lawsuit ordinarily recovers costs from the losing opponent pursuant to Rule 54(d)[3] of the Federal Rules of Civil Procedure. However, the award of costs under this Rule is a matter of the court's discretion, and Rule 54(d) permits the district court, on a showing of good cause, to require a prevailing party to bear its own costs. *Delta Airlines v. August,* 450 U.S. 346, 353–56, 101 S.Ct. 1146, 1151–52, 67 L.Ed.2d 287 (1981). Therefore, the award of costs is not a merely mechanical event and remains, generally speaking, a matter of a district court's discretion.

However, the district court may be deprived of its discretion under Rule 54(d) where Rule 68 of the Federal Rules of Civil Procedure properly comes into play. *Johnston v. Penrod Drilling Co.,* 803 F.2d 867, 869 (5th Cir.1986). Rule 68 provides as follows:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of

judgment, which shall have the same effect as an offer made before trial if it is served with a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability. (emphasis added)

Therefore, where the plaintiff obtains judgment, but that judgment is less than the offer of judgment made by the defendant and rejected by the plaintiff, the plaintiff will be required to pay the costs of litigation.

The defendant in the instant case contends that it is entitled to an award of all costs incurred after the Rule 68 offer of judgment was rejected because the judgment "obtained by the plaintiffs" in the instant case (a zero judgment) was less than the offer of judgment presented to the plaintiffs on August 10, 1993 (that of $35,000.00).

 The defendant misconstrues the manner in which Rule 68 properly operates. Here, the defendant, not the plaintiffs, prevailed. The judgment entered by the court directs that the plaintiffs "recover nothing from and of the defendant." Rule 68 requires a "prevailing" plaintiff to pay the costs of litigation in the single circumstance covered by the rule: where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains. *Johnston v. Penrod Drilling Co.,* 803 F.2d at 869, citing *Delta Airlines v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In *Delta Airlines v. August,* the defendant argued that Rule 68 operated to shift the costs to the plaintiff when the defendant's $450 offer was rejected and defendant later obtained a take nothing judgment. The Court held that Rule 68 did not operate to shift costs because a take nothing judgment was not a "judgment finally obtained by the offeree." The Court concluded that Rule 68 confines its effect to cases where the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer. Rule 68 does not apply where the plaintiff loses. *Delta Airlines,* 450 U.S. at 351, 101 S.Ct. at 1150.

**3.** Rule 54(d) of the Federal Rules of Civil Procedure provides in pertinent part:

[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs, ....

Rule 68, then, pertains only to judgments obtained by the plaintiff and is inapplicable to cases, such as the case *sub judice*, where the defendant obtains judgment, or where the plaintiff takes nothing. *Delta Airlines v. August*, 450 U.S. at 351, 101 S.Ct. at 1150. Thus, the defendant's argument here for an award of costs under Rule 68 of the Federal Rules of Civil Procedure is without merit and must be denied.

### THE MATTER OF RULE 54

Defendant's alternate request for costs is based upon the dictates of Rule 54. Rule 54 gives the courts discretionary authority whether to tax the losing party with costs. *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). This court is persuaded to exercise that authority to require plaintiffs here to pay costs as noted in its judgment of September 22, 1993.

### TAXATION OF COSTS

Title 28 U.S.C. § 1920 provides that a federal court may tax specified items, including witness fees, as costs against a losing party. Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The award of witness fees under § 1920(3) is limited by three statutory provisions: (1) under 28 U.S.C. § 1821(b), a witness shall be paid a fee of $40.00 per day for court attendance; (2) pursuant to 28 U.S.C. § 1821(d)(1), a subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day; and (3) under 28 U.S.C. § 1821(c)(4), [a]ll normal travel expenses . . . shall be taxable as costs. Hence, Title 28 U.S.C. § 1821 expressly authorizes the payment of a witness fee of $40.00 per day for court attendance, plus subsistence and the normal costs of travel. The statutory limit placed on witness fees by § 1821 may be exceeded and other compensation may be paid in accordance with § 1920 only when a witness is court-appointed. Accordingly, a party may not recover more than the above statutory designations for its own expert witnesses where the expert is not court-appointed. *Salinas v. Rodriguez*, 963 F.2d 791, 795 (5th Cir.1992), citing *Crawford Fitting Company v. J.T. Gibbons, Inc.*

In diversity cases such as the case *sub judice*, absent an express indication from a state's legislature or its courts of a special interest in providing litigants with recovery of expert witness fees, federal law will govern the award of such fees as costs. *Seal v. Knorpp*, 957 F.2d 1230, 1237 (5th Cir.1992), citing *Cates v. Sears, Roebuck & Company*, 928 F.2d 679, 689 (5th Cir.1991).

### DEFENDANT'S CLAIM FOR WITNESS FEES AND EXPENSES

In the instant case, the defendant has submitted an amended cost bill seeking costs in the form of expert witness fees for Dr. Edwin G. Burdette, Professor of Engineering at the University of Tennessee. Dr. Burdette was not a court-appointed expert. Dr. Burdette's fee, itemized at Exhibit A to the defendant's cost bill, amounts to $2,750.00 (22 hours @ $125.00 per hour). This amount exceeds the $40.00 per day limitation imposed by 28 U.S.C. § 1821(d). Furthermore, expert fees are not an item recoverable under § 1920. *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 891 (5th Cir.

**154**

1993), citing *Crawford Fitting Company v. J.T. Gibbons, Inc.* Hence, Dr. Burdette's fee of $2,750.00, to the extent it exceeds the statutory maximum permitted by § 1821(d), must be denied.

■ Dr. Burdette's subsistence claim of $93.96 also must be reduced to the subsistence permitted by statute. Title 28 U.S.C. § 1821(d)(1) permits an award of subsistence only if the court finds that the witness's residence is too far away from the place of trial to render commuting feasible. *Breazeale By and Through Breazeale v. Smith,* 857 F.2d 258, 261 (5th Cir.1988). Inasmuch as Dr. Burdette's residence is in Knoxville, Tennessee, a location approximately 500 miles away from this courtroom, this court so finds. However, section 1821(d)(2), 28 U.S.C., provides that a subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services pursuant to Title 5 U.S.C. § 5702(a) for travel in the area by employees of the federal government. Title 5 U.S.C. § 5702(a)(1) and (2) provides in pertinent part:

> (a)(1) ... an employee, ..., is entitled to any one of the following:
>
> (A) a per diem allowance at a rate not to exceed that established by the Administrator of General Services for travel within the continental United States ...;
>
> (2) Any per diem allowance or maximum amount of reimbursement shall be established, to the extent feasible, by locality.

According to the records of the Clerk of the Court, the current maximum per diem for Jackson, Mississippi, is $82.00, a sum less than the $93.96 claimed.

■ Finally, there is the matter of Dr. Burdette's travel expense of $591.00 for air fare from Knoxville, Tennessee, to Jackson, Mississippi. Title 28 U.S.C. § 1821(c)(4) provides that all normal travel expenses shall be taxable as costs, and Rule 54(d) plainly vests power in the court to allow such costs. *West Wind Africa Line v. Corpus Christi Marine Services Company,* 834 F.2d 1232, 1237 (5th Cir.1988). Inasmuch as the defendant's case at trial depended in some mea-

sure upon the testimony of Dr. Burdette, the air fare shall be allowed as an item of costs. The parking fee of $9.00 incurred at the Knoxville, Tennessee, airport shall also be allowed.

■ Defendant next seeks subsistence in the amount of $322.41, air fare in the amount of $846.00, and parking fees in the amount of $32.00 for Bauer Corporation's corporate representative at trial, John Vasichko. Plaintiffs contend that Vasichko is not entitled to any expenses incurred as the defendant's corporate representative since he was in the same position as a party to the lawsuit. Plaintiffs alternatively contend that if Vasichko is allowed to submit any amount of expense as costs, then he should be limited to the maximum statutory amounts for trial attendance and subsistence for witnesses under 28 U.S.C. § 1821, and then only for the time he actually spent as a witness.

In *Morrison v. Alleluia Cushion Company, Inc.,* 73 F.R.D. 70, 71 (N.D.Miss.1976), the trial court did not permit the executive officer and principal stockholder of the corporate defendant who was the designated representative of the corporation at trial, and who was not placed under the rule of sequestration as to the presence of witnesses in the courtroom, to submit his fees and expenses as items of costs. *Also see Jamison v. Cooper,* 111 F.R.D. 350, 353 (N.D.Ga.1986) (holding that witness fees and expenses for a party are not an allowable item of costs). Somewhat similarly, in *Pate v. General Motors Corporation,* 89 F.R.D. 342, 344 (N.D.Miss.1981), the court held that the cost of taking a corporate representative's deposition was not a proper charge, citing *Morrison v. Alleluia Cushion Co., Inc.,* and *Morris v. Carnathan,* 63 F.R.D. 374 (N.D.Miss.1974).

The case of *Mastrapas v. New York Life Insurance Company,* 93 F.R.D. 401, 405–06 (E.D.Mich.1982), however, offers a variant perspective where the corporate representative who was not a controlling officer of the corporation as in *Morrison* testified for two days as an ordinary witness and was present at trial for four days as the corporate representative. The *Mastrapas* Court held that while expenses should not be taxed as costs for one's appearance in court as the corpo-

rate representative, even a corporate representative may be awarded the statutory witness fee and subsistence allowance when appearing as a witness. A case in harmony with this approach is *Simmons v. McLean Trucking Company,* 100 F.R.D. 61, 63 (N.D.Ga.1983), wherein the Court compared and cited with approval both *Morrison* and *Mastrapas* and held that a corporate representative could be awarded the statutory witness fee and subsistence for the days he appeared as a witness.

 Persuaded by the cases of *Morrison* and *Mastrapas,* this court finds that the defendant's corporate representative, John Vasichko, is entitled to the statutory attendance fee and subsistence allowance provided for witnesses under 28 U.S.C. § 1821, but only for the day or days he appeared as a witness. In this regard, the court views the air fare expense in the amount of $846.00 to be a cost incurred by Vasichko in his capacity as corporate representative for Bauer Corporation, and not in his capacity as a witness. The defendant has submitted no itemization of any travel expenses incurred by Vasichko in his capacity as a witness, but the defendant may do so when it submits a new cost bill in conformity with the requirements of this order.

### OTHER COSTS

 Defendant claims $600.00 for video equipment and technician fees (Data Video). Costs pertaining to videotapes are not taxable without prior authorization by the court and are not expenses included under 28 U.S.C. § 1920. *Coats v. Penrod Drilling Corporation,* 5 F.3d at 891; *Card v. State Farm Fire and Casualty Company,* 126 F.R.D. 658, 662 (N.D.Miss.1989), *aff'd without op.,* 902 F.2d 957 (5th Cir.1990), citing *Crawford Fitting Company v. J.T. Gibbons, Inc.; Walker v. Borden, Inc.,* 115 F.R.D. 471 (S.D.Miss.1986). Inasmuch as defendant did not obtain prior authorization for this expense, this item shall not be allowed as an item of costs.

Defendant seeks $57.75 for a copy of the deposition of the plaintiffs' physician, which was taken by videotape recording and by court reporter. According to plaintiffs, de-

fendant offered no evidence contrary to the physician's testimony and stipulated to the plaintiffs' medical bills. Therefore, say plaintiffs, defendant should not be permitted to charge as costs any expense related to the taking of the physician's deposition. The defendant has not responded to the plaintiffs' assertions with regard to the need for this transcript.

 This court has great discretion to tax the cost of a deposition if all or any part of the deposition is necessarily obtained for use in the case. *Soderstrum v. Town of Grand Isle,* 925 F.2d 135, 141 (5th Cir.1991). The cost of a deposition may be taxed even if it is used just to structure questioning at trial, but only if the court in its discretion believes the taxation of costs to be justified. *Id.,* citing *Nissho–Iwai Company, Ltd. v. Occidental Crude Sales,* 729 F.2d 1530 (5th Cir.1984).

In this instance, the court has not heard from defendant why the transcript of the physician's deposition was necessarily obtained by defendant for use at trial. However, the defendant shall be permitted to show the need for and use of this transcript when the defendant submits a new cost bill in conformity with this court's order.

 Defendant seeks $84.00 for long distance phone calls. Such calls are out-of-pocket expenses not taxable as costs. *Holmes v. Orchard Machinery Corporation,* 75 F.R.D. 546, 548 (N.D.Miss.1977); 10 Wright, Miller & Kane, *Federal Practice and Procedure,* § 2677 p. 371. Hence, the court finds that this item should not be taxed as costs.

Therefore, having considered all of the plaintiffs, objections applicable to the defendant's amended cost bill, and having reviewed the amended cost bill for conformity with the applicable statutes and case law, this court hereby directs the defendant to recalculate its costs in accordance with this order and to submit a new cost bill by March 20, 1994.

**SO ORDERED.**