**SCHMITZ–WERKE GMBH + CO. Plaintiff**

v.

**ROCKLAND INDUSTRIES, INC., et al., Defendants**

**No. CIV.A.CCB–97–4353.**

United States District Court, D. Maryland.

July 9, 2003.

Thomas L. Crowe, Law Office of Thomas L. Crowe, Baltimore, MD, Daniel Francis Crowley, Attorney at Law, Washington, DC, for Plaintiff.

Barry Lawrence Cohen, Barry L. Cohen, PC, Owings Mills, MD, Mark R. Berman, Mark R. Berman & Associates, Baltimore, MD, for Defendants.

### MEMORANDUM

BLAKE, District Judge.

On December 30, 1999, after a bench trial, judgment was entered on behalf of Plaintiff. Plaintiff then filed a bill of costs seeking a total of $6,454.27. A decision on the bill of costs was deferred while the case was on appeal. After the judgment was affirmed, the Clerk awarded Plaintiff $2,232.89 of the costs originally sought. Plaintiff seeks review of that decision.

■ The Clerk did not award Plaintiff $50.00 which it sought for the *pro hac vice* fee paid by one of its attorneys, Daniel F. Crowley. There is a split of authority over whether *pro hac vice* fees are recoverable under 28 U.S.C. § 1920. *Compare Davis v. Puritan–Bennett Corp.*, 923 F.Supp. 179, 181 (D.Kan.1996) (cost awarded), *with Eagle Insurance Co. v. Johnson*, 982 F.Supp. 1456, 1459–60 (M.D.Ala.1997) (cost denied as not a statutory fee), *aff'd* 162 F.3d 98 (11th Cir.1998) (unpublished) *and Romero v. United States*, 865 F.Supp. 585, 594 (E.D.Mo.1994) (cost denied as expense of counsel not normally charged to fee paying client). The Court is persuaded by the reasoning in *Romero*. The *pro hac vice* fee is an expense of counsel, not the client, and is thus not recoverable.

Plaintiff sought $912.00 for subsistence expenses for Mr. Hans–Juergen Engels in connection with his deposition in Baltimore in August 1998. Although invoices show that Mr. Engels's actual expenses were slightly higher, Plaintiff sought reimbursement at the official government rate of $152.00 per day for the period of August 9, 1998 (Sunday), through August 14, 1998 (Friday). Mr. Engels arrived in Baltimore on Sunday night, spent Monday inspecting the fabrics giving rise to this litigation. He was deposed on Tuesday, Wednesday, and Friday. Apparently Thursday was spent by counsel and Mr. Engels preparing for the remainder of his deposition and obtaining documents. Plaintiff does not seek any travel expenses related to the deposition because Mr. Engels had traveled to the United States on other business.

Plaintiff seeks a total of $441.24 in round trip travel expenses for Mr. Engels to travel to the United States from Germany for the October 1999 trial in this matter.

Plaintiff seeks subsistence expenses for Mr. Engels for this trip in the amount of $760.00. Again, although Mr. Engels's actual expenses were higher, Plaintiff is seeking reimbursement at the official government rate of $152.00 per day for the period of October 24, 1999 (Sunday), through October 28, 1999 (Thursday). Mr. Engels actually testified on October 26, 27 and 28, 1999.

■ The Clerk concluded that Plaintiff was not entitled to Mr. Engels's expenses because as a corporate designee he was a real party in interest. Witnesses who are corporate officers or employees are not necessarily real parties in interest and their costs may be awarded if "their interest in the litigation is no more than a natural concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest." *Electronic Specialty Co. v. International Controls*, 47 F.R.D. 158, 162 (S.D.N.Y. 1969) (citations omitted). In the present case there is no indication that Mr. Engels had a level of interest in the litigation which would make him a real party in interest. Thus his employment by Plaintiff does not preclude recovery of his costs. However, where a person serves as both a fact witness and as a corporate representative, the Court may tax costs for that portion of his time where he was serving as a witness and disallow costs for the portion where he served as a corporate representative advising counsel. *Soberay Machine & Equipment Co. v. MRF Limited, Inc.*, 181 F.3d 759, 771 (6th Cir.1999); *see also EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 624 (N.D.Ill.1987) (costs for corporate representative for days they do not testify may not be taxed).

■ Because Mr. Engels spent Monday, August 10, 1998 inspecting fabric at issue in this case and did not begin his deposition testimony until Tuesday, August 11, 1998, his role on Sunday and Monday was that of a corporate representative, not a fact witness, and his expenses for those days will not be allowed. Mr. Engels did give deposition testimony on August 11, 12, and 14, 1998, so his expenses for those days will be allowed. While Mr. Engels was not deposed on August 13th, it was clearly not practical for him to return home for a single night. Therefore, his expenses for that day also will be allowed.

At trial Mr. Engels was designated as a corporate representative and allowed to remain in the courtroom while other witnesses testified. Accordingly, Plaintiff will be allowed costs for only the three days that Mr. Engels actually testified, October 26–28, 1999.

■ Insofar as Mr. Engels's travel expenses relating to the trial of this matter are concerned, the approach of the Clerk in applying the 100 mile limit on the Court's subpoena power to determine the amount of reimbursement is eminently reasonable. Plaintiff chose to bring this case in the United States rather than in Germany where the travel expenses for its witnesses would have been far less. Because the increased travel expenses were the direct result of a decision by Plaintiff, the Court will only award travel expenses for Mr. Engels in the amount of $73.00, representing a round trip within the 100 mile subpoena power of the Court at a rate of $.365 per mile. *See Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 406 (E.D.Mich.1982).

■ Plaintiff seeks a total of $346.59 for travel expenses for one of its trial witnesses, Hermann Schulze–Wehninck. It also seeks subsistence expenses of $456.00 for Mr. Schulze–Wehninck for the period of October 24–26, 1999. Mr. Schulze–Wehninck testified on October 25, 1999. The Clerk awarded Plaintiff a total of $569.00 for Mr. Schulze–Wehninck's ex-

penses: three days per diem, the $40.00 statutory witness fee, and $73.00 for travel representing round trip travel within the 100 mile subpoena power of the court. These amounts are reasonable and will not be disturbed.

 At trial, one of Plaintiff's witnesses, Mr. Schulze–Wehninck, testified using an interpreter. The interpreter also translated certain trial exhibits. Plaintiff sought $990.00 for her services at a rate of $90.00/per hour for eleven hours. The Clerk did not award any part of this sum, concluding it was not within her discretion. Defendant now argues that none of the amount should be awarded because the interpreter was not court appointed. While the Court may appoint an interpreter in a civil case, *see* Fed.R.Civ.P. 43(f), it is not uncommon for parties to hire their own interpreters. The Court has the authority to award the cost of an interpreter regardless of whether she was court appointed or hired by a party. *See Mastrapas,* 93 F.R.D. at 404–405.

In this case, it was not unreasonable for Mr. Schulze–Wehninck to testify using an interpreter. While he may, as Defendant proffers, speak English, testifying under oath in a court proceeding concerning technical issues is very different from casual conversation. Under such circumstances, use of an interpreter to ensure that Mr. Schulze–Wehninck's testimony was accurate was reasonable. However, Plaintiff should not receive reimbursement for more than the amount paid to court appointed interpreters because it choose to use an interpreter who charged higher rates. Certified court interpreters are compensated at the rate of $305.00 per eight-hour day, and $45.00 per hour for overtime. Since the interpreter was used for eleven hours, Plaintiff will be allowed a total of $440.00 for the cost of the interpreter.

Accordingly, a separate Order will be entered awarding Plaintiff an additional $1,577.00 in costs representing $608.00 for Mr. Engels's expenses for the period of August 11–14, 1998; $456.00 for Mr. Engels's expenses for the period of October 26–28, 1999; $73.00 in travel expenses for Mr. Engels; and $440.00 for interpreter services.

### *ORDER*

For the reasons stated in the forgoing Memorandum, Plaintiff is hereby awarded costs in the amount of $1,577.00, in addition to the costs previously awarded by the Clerk.