Marc SHEVIN and Rory Shevin,
Plaintiffs,

v.

Victor LEDERMAN; Nadyne Lederman; Metropolitan Industrial Bank; and American Federal Savings & Loan Association of Pueblo, Defendants.

Civ. A. No. 79–C–96.

United States District Court,
D. Colorado.

July 22, 1981.

Harlan P. Pelz, Kidneigh, Hughes, Pelz, Leagh & Clikeman, P. C., Denver, Colo., for plaintiffs.

A. Craig Fleishman, Atler, Zall & Haligman, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs, Marc and Rory Shevin, move for review of taxation of costs by the Clerk of this Court. Plaintiffs object to the Clerk's refusal to tax the costs of Roman Tafoya's, Paul Clarkin's, and Victor Lederman's depositions against the defendants Nadyne Lederman and Metropolitan Industrial Bank. Plaintiffs also object to the

amount of costs taxed by the Clerk for Ray Yoder's travel and other expenses relating to his trip to Denver, Colorado, to testify in this case. Defendants contest this motion, and argue that the costs relating to Yoder should be further reduced.

The Clerk properly disallowed as costs Tafoya's and Clarkin's depositions. These witnesses' testimony related almost exclusively to the plaintiffs' claims for intentional interference by Victor Lederman. Plaintiffs did not prevail on these intentional interference claims and thus are not entitled to costs relating to these claims. *See* F.R.Civ.Proc. 54(d). Therefore, the plaintiffs' motion to review the Clerk's taxation of costs is denied as to the Tafoya and Clarkin depositions.

On the other hand, Victor Lederman's testimony related both to the plaintiffs' intentional interference claims and to their claims for recovery of their father's purchase money. Plaintiffs prevailed on these latter claims, and the deposition of Victor Lederman was reasonably necessary to their trial preparation on these claims. *See* 6 *Moore's Federal Practice*, ¶ 54.77[4] pp. 1720–21. Therefore, the cost of Victor Lederman's deposition should be taxed against Nadyne Lederman and the Metropolitan Industrial Bank. Because the plaintiffs' Bill of Costs has aggregated the costs of the Tafoya, Clarkin, and Lederman depositions, the plaintiffs are granted five days from the date of this Order to submit a claim for the expense of Victor Lederman's deposition, together with supporting documentation.

The Clerk also properly taxed costs relating to Yoder's attendance at trial, for the most part. As to the amount allowed for transportation, however, the Clerk's reliance on the 100-mile service-of-process limit as the controlling factor in computing such costs creates undue hardship. This is particularly true in the present era of escalating transportation costs. A trial court's discretion to award witness transportation costs is not restricted by the 100-mile limit; that is but one

factor to be considered in the exercise of discretion. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). Indeed, modern litigation in the federal courts today, with interstate and international travel a commonplace necessity for witnesses, has rendered the 100-mile limit antiquated.

The relevance of Yoder's testimony was almost equally divided between the plaintiffs' intentional interference claims and their purchase money claims. Because only half of Yoder's testimony related to claims on which the plaintiffs prevailed, only half of an appropriate measure of Yoder's full transportation costs will be allowed. Yoder flew into Denver from San Diego, California, for this trial. A round-trip coach airline ticket between San Diego and Denver, at the time of trial, cost approximately $200.00. Although Yoder may have chosen to travel at some other rate, the defendants should not be forced to pay additional costs simply to accommodate Yoder's personal preferences. Therefore, Yoder's allowable transportation costs are $100.00. After allowance is made for the transportation costs already taxed, Yoder's additional transportation costs are $55.00. When this sum is added to the amount already taxed as Yoder witness costs, the total Yoder witness costs are $260.50. To this must be added the $30.00 already taxed as witness costs for Robert Irey's court appearance, bringing the total taxable witness costs to $290.50.

Accordingly,

IT IS ORDERED that the cost of Victor Lederman's deposition shall be allowed as costs taxable against the defendants Nadyne Lederman and Metropolitan Industrial Bank. Plaintiffs shall submit their claim for costs arising from Lederman's deposition, separately stated and supported by a bill, check or other documentation, within five days from the date this Order is filed.

It is further ORDERED that the witness fees taxed as costs against the defendants Nadyne Lederman and Metropolitan Industrial Bank shall be increased to $290.50.

It is further ORDERED that the Clerk of this Court shall enter an amended Bill of Costs as soon as the plaintiffs submit the cost of the Lederman deposition. This amended Bill of Costs shall reflect the modifications required by this Order.