**Barry GELDA, Plaintiff,**

v.

**R.O.I. ENTERPRISES, INC., et al., Defendants.**

**No. 82–1883C(3).**

United States District Court, E.D. Missouri, E.D.

Feb. 29, 1984.

Irwin M. Roitman, St. Louis, Mo., for plaintiff.

Steven M. Hamburg, St. Louis, Mo., for R.O.I. and Lipton.

Thomas E. Wack, St. Louis, Mo., for Newhard, Cook & Co.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court for resolution of various post-trial motions. The jury trial was held on November 7–9, 1983, resulting in a $12,000 verdict in plaintiff's favor.

Plaintiff's complaint was in six counts and named three defendants. Plaintiff charged defendants with fraud and violations of state and federal securities laws in the sale to plaintiff of stock in R.O.I. Enterprises, Inc. (R.O.I.). Additionally, plaintiff charged that defendants Lipton and R.O.I. made false representations to plaintiff in the course of his subsequent employment with Video Vision, Inc., thereby resulting in plaintiff's undercompensation for services rendered to the corporation.

At the close of plaintiff's evidence, the Court granted defendant Newhard, Cook & Company's motion for a directed verdict on Count V, the only count in which that defendant was named. Plaintiff withdrew Counts II, III, and IV, leaving only Counts I and VI for the jury to resolve. The jury found in plaintiff's favor and against each defendant on both counts, but assessed no damages as to Count I.

Defendants move for dismissal of Count VI, the count addressing plaintiff's alleged undercompensation during his employment with Video Vision, Inc., for lack of subject matter jurisdiction. Defendants

cite *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), in support of their contention that pendent jurisdiction was improperly exercised, and that plaintiff's claim in Count VI does not arise from the same common nucleus of operative facts from which the federal claim arose. However, absence of subject matter jurisdiction renders a judgment void "only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." *Kansas City Southern Railway Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir. 1980). "The concept of a void judgment is extremely limited." *Id.* at n. 5.

In this case, the Court had acquired jurisdiction over the parties before it. Even assuming an error in the exercise of jurisdiction, there is not that total want of jurisdiction as would be necessary to void the Court's judgment; indeed, the alleged lack of jurisdiction was never raised by defendants until after entry of judgment. Defendants' motion to dismiss is without merit.

Defendants also seek judgment notwithstanding the verdict as to both counts. The Court has reviewed the evidence and is satisfied that the jury's verdict should not be disturbed. Defendants' motion is therefore denied.

Finally, defendants ask the Court to alter its judgment in plaintiff's favor to reflect judgment in their favor on Count I, or alternatively to show judgment in plaintiff's favor in the amount of $0.00 on that count. A jury verdict in favor of a party with an award of $0 in damages does not render invalid a judgment entered in favor of that party. *See Spears v. Hough*, 458 F.2d 529 (8th Cir.1972); *Wright v. Hoover*, 329 F.2d 72 (8th Cir.1964). Here, defendants do not contend that the jury awarded no amount of damages improperly through prejudice, mistake, or complete disregard of the law or evidence. Such contentions might sustain alteration of a jury's damage assessment. *See Wright v. Hoover, supra.*

Instead, defendants' argument is based on the form of judgment. The Court notes that the judgment closely follows the approved Form 31 for judgment on a jury verdict. Appendix of Forms, Fed.R.Civ.P.; *see* Fed.R.Civ.P. 84. Accordingly, the Court declines to make the requested alteration.

Plaintiff has filed a bill of costs in the amount of $301.70, to which defendants file several objections. Defendants argue that witness fees were unnecessary for Myles Lipton and Robert Kenney for the reason that "each was a party in the case and the attendance of same did not have to be secured by subpoena." Generally, expenses of witnesses who are parties are not taxable. 10 Wright, Miller and Kane, Federal Practice and Procedure Civil 2d, § 2678 at 376 (1983). Thus, the Court will sustain defendants' objection to taxing witness fees of Myles Lipton. The Court, however, will overrule the defendants' objection to the witness fees for Robert Kenney, manager of the office of Newhard, Cook & Co. Such costs may be assessed for a corporate officer or director testifying on behalf of a party corporation where the witness is not personally involved in the litigation. *Id.* Here, Mr. Kenney was not "personally involved," although Newhard, Cook & Co. was a party defendant.

The Court finds that defendants' other objections should be sustained. Defendants need not pay for the attendance of a court reporter at trial to authenticate a deposition or the cost for plaintiff to obtain a copy of his own deposition. Plaintiff shall have ten days to file an amended bill of costs in accordance with the Court's instructions herein.