### GREEN CONSTRUCTION COMPANY, Plaintiff,

v.

### The KANSAS POWER & LIGHT COMPANY, Defendant–Counterclaimant,

v.

### SEABOARD SURETY COMPANY and Green Holdings, Inc., Counterclaim Defendants.

### Civ. A. No. 87–2070–DES.

United States District Court, D. Kansas.

March 4, 1994.

Frank D. Menghini, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Patrick E.

Hartigan, Craft, Fridkin & Rhyne, Kansas City, MO, Dale R. Martin, Barokas & Martin, Seattle, WA, for Green Const. Co.

John N. Badgerow, Linda S. Dickens, Spencer, Fane, Britt & Browne, Overland Park, KS, for Kansas Power and Light Co.

Stephen J. Dennis, Niewald, Waldeck & Brown, Kansas City, MO, Kevin E. Glynn, Niewald, Waldeck & Brown, Overland Park, KS, John P. Ahlers, Barokas & Martin, Seattle, WA, Kristin L. Altice, Indianapolis, IN, for Seaboard Sur. Co.

Stephen J. Dennis, Niewald, Waldeck & Brown, Kansas City, MO, Kevin E. Glynn, Niewald, Waldeck & Brown, Overland Park, KS, Dale R. Martin, John P. Ahlers, Barokas & Martin, Seattle, WA, Kristin L. Altice, Indianapolis, IN, for Green Holdings, Inc.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of defendant-counterclaimant The Kansas Power & Light Company ("KPL") for review of costs taxed against it by the clerk pursuant to Fed.R.Civ.P. 54(d) (Doc. 671). Plaintiff Green Construction Company ("Green") filed a bill of costs seeking a total award of $1,073,651.26. The clerk taxed costs against KPL in the full amount requested by Green. At the request of KPL, the court held a hearing on the motion on October 26, 1993. The court has considered the arguments of the parties and is now prepared to rule.

KPL initially contended that Green's bill of costs was filed out of time. At oral argument, however, KPL conceded that the bill of costs was timely filed on September 16, 1993. Having carefully reviewed the record, the court is in agreement that the bill of costs was timely filed within 30 days after receipt by the clerk of the order terminating the case on appeal. *See* D.Kan.Rule 219(a).

KPL timely submitted its motion to review costs on September 24, 1993, within five days after the clerk's order taxing costs. *See* Fed.R.Civ.P. 54(d). Green did not file a response, however, until October 22, 1993, well beyond the ten days permitted a party

opposing a motion. *See* D.Kan.R. 206(b). The failure to file a response within the time specified in Rule 206 constitutes a waiver of the right to file such a response, except upon a showing of excusable neglect. D.Kan.R. 206(g). No such showing has been made to this court. The motion for review of costs filed by KPL will therefore be considered and decided as an uncontested motion. *See* D.Kan.R. 206(g).

■ Pursuant to Fed.R.Civ.P. 54(d), costs are generally allowed as a matter of course to the prevailing party unless the court otherwise directs. *See Delano v. Kitch,* 663 F.2d 990, 1001 (10th Cir.1981) (when trial court refuses to award costs to prevailing party, it must state its reasons to enable appellate court to judge whether trial court acted within its discretion), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982); *True Temper Corp. v. CF & I Steel Corp.,* 601 F.2d 495, 509–10 (10th Cir.1979) (rule establishes presumption that prevailing party shall recover costs, unless some reason appears for penalizing the prevailing party); *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1005 (D.Kan.1993) (court must allow prevailing party to recover all costs authorized by statute unless some reason appears for penalizing that party) (citing *Ortega v. City of Kansas City, Kansas,* 659 F.Supp. 1201, 1218 (D.Kan.1987)).

■ In this case, the court's judgment following the jury verdict ordered that Green recover its costs from KPL. Despite the arguments of KPL to the contrary, Green was the prevailing party in this lawsuit. The jury specifically determined that KPL breached its contract with Green, and awarded damages to Green in the amount of $222,-312.56. The jury also determined that Green had not breached its contract with KPL. A

prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered. *d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886, 896 (9th Cir.1977); *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 135 (E.D.Va.1973); 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 2667, at 178 (1983) [hereinafter cited as Wright & Miller]. Traditionally, this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded. *See, e.g., American Ins. Co. v. El Paso Pipe & Supply Co.,* 978 F.2d 1185, 1192–93 (10th Cir.1992); Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 564 (1984) [hereinafter Bartell]; 10 Wright & Miller § 2667, at 180–87. The court concludes that Green is the prevailing party in this litigation and is therefore presumptively entitled to an award of authorized costs.[1] *See Serna v. Manzano,* 616 F.2d 1165, 1167 (10th Cir.1980) (prevailing party presumptively entitled to costs; it is incumbent on the losing party to overcome such presumption).

■ KPL argues that if costs are to be awarded, the court should carefully review the costs assessed by the clerk. In conducting such a review, the court makes a *de novo* determination in the exercise of its sound discretion. *E.g., Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964), *disapproved in part on other grounds, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987); *Frigiquip Corp. v. Parker–Hannifin Corp.,* 75 F.R.D. 605, 613 (W.D.Okla.1976). The taxing of costs, except as otherwise provided by statute, rests largely in the sound discretion of the trial court.[2] *Euler v. Wal-*

1. KPL argues that Green did not succeed in its motion for an award of costs on appeal. In response to Green's motion, the Tenth Circuit Court of Appeals ordered each party to bear its own costs on appeal. 28 U.S.C. § 1912 and Fed.R.App.P. 39(a) govern such motions. The rule provides that if a judgment is affirmed costs shall be taxed against the appellant unless otherwise ordered. The Tenth Circuit affirmed the judgments of this court, from which appeals were taken by both Green and KPL. The Tenth Circuit's decision to require the parties to bear their own costs on appeal has no bearing whatso-

ever on this court's review of the costs incurred by Green as the prevailing party at trial.

2. However, should the trial court refuse to award costs to the prevailing party, or if it modifies the taxation of costs, it is incumbent on the trial court to state its reasons so the appellate court may judge whether the trial court acted within its discretion. *Moe v. Avions Marcel Dassault–Breguet Aviation,* 727 F.2d 917, 936 (10th Cir.) (citation omitted), *cert. denied,* 469 U.S. 853, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984).

*ler,* 295 F.2d 765, 766 (10th Cir.1961). The Supreme Court has specifically held, however, that the court's discretion in taxing costs is limited by 28 U.S.C. § 1920,[3] which specifies the categories of costs that may be awarded. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. at 441–42, 107 S.Ct. at 2497–98 (§ 1920, by enumerating costs that may be taxed by a federal court under the discretionary authority found in Rule 54(d), does not grant discretion to award costs beyond the limits of the items listed in § 1920). The discretion of the court in determining and awarding costs is contingent on the court's determination that the expenses requested are allowable cost items under the statute and that the amounts requested are reasonable and necessary. *See Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 642 (7th Cir.1991). A finding that a requested cost is statutorily authorized creates a presumption favoring their award. *U.S. Indus. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir.1988). Nevertheless, the fact that § 1920 requires the filing of a bill of costs necessarily implies that the burden is on the prevailing party to establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute.[4] *Cf. Farmer v. Arabian American Oil Co.,* 379 U.S. at 235, 85 S.Ct. at 415 (items proposed by winning parties as costs should always be given careful scrutiny; Rule 54(d) does not give district courts unfettered discretion to tax costs for every expense winning litigant has seen fit to incur). For some categories of costs, this includes a showing by the prevailing party that the materials were necessarily obtained for use in the case. "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." *Mikel v. Kerr,* 499 F.2d 1178, 1183 (10th Cir.1974) (citing *United States v. Kolesar,* 313 F.2d 835 (5th Cir.1963)).

1. *Expert Witness Fees Claimed As Exemplification and Copies of Papers.* KPL first challenges the award of $1,009,823.93 under the category of "fees for exemplification and copies of papers necessarily obtained for use in the case." KPL argues that Green has improperly included fees for expert witnesses under the category of "exemplification." Specifically, KPL contends that of the total amount awarded for exemplification and copies of papers necessarily obtained for use in the case, $1,006,586.99 in fact represents unrecoverable expert witness fees.

■ It is well established that the court does not have the discretion to tax a prevailing party's expert witness fees as costs beyond the statutory per diem rate of reimbursement for witnesses specified in 28 U.S.C. § 1821(b). *See Crawford Fitting,* 482 U.S. at 442, 107 S.Ct. at 2497 (under 28 U.S.C. § 1920, court may tax expert witness fees in excess of the statutory limit per day only when the witness is court-appointed);

3. The statute reads as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

4. Placing the burden of persuasion on the prevailing party as to particular costs requested is the only equitable way to apply D.Kan.Rule 219, under which the party prevailing at trial has time on its side in preparing the bill of costs. Rule 219 provides the prevailing party 30 days to file a bill of costs, running from the later of the expiration of the time allowed for appeal, or from the time the clerk receives an order terminating the action on appeal. The trial in this case took place in late 1990. Because of the intervening appeal, Green was not required to file its bill of costs until September, 1993, nearly three years after the conclusion of trial. In contrast, both Fed.R.Civ.P. 54(d) and D.Kan. 219(a) permit the opposing party only five days in which to file a motion to retax costs. To impose the burden of persuasion on the party opposing the assessment of particular costs under these circumstances, as urged by Green in oral argument before this court, is simply untenable.

*Miller v. Cudahy Co.,* 858 F.2d 1449, 1461 (10th Cir.1988), *cert. denied,* 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989); *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286, 1292 (10th Cir.1988); *Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir.1983); *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1005 (D.Kan.1993). The Supreme Court has recently held that § 1920 limits the recovery of expert witness fees for testimonial services to the statutory per diem amount, and otherwise precludes recovery of expert witness fees for nontestimonial services, in the absence of other explicit statutory authority. *See West Virginia Univ. Hospitals, Inc. v. Casey,* 499 U.S. 83, 86–87, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991) ("None of the categories of expense listed in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial capacity.") *See generally* Annot., *Compensation of Expert Witness as Costs Recoverable in Federal Civil Action by Prevailing Party Against Party Other Than United States,* 71 A.L.R. Fed. 875 (1985).

The courts that have addressed this issue have generally refused to permit a prevailing party to recover expert witness fees in the guise of fees for "exemplification."[5] The Ninth Circuit, for example, has held that the statute permits an award only for the physical preparation and duplication of documents, not for the intellectual effort involved in their production. *See Romero v. City of Pomona,* 883 F.2d 1418, 1427–28 (9th Cir.1989). Similarly, the Fifth Circuit has noted that the language of § 1920 seems to preclude its extension beyond the payment of the actual costs of exemplification and reproduction of copies. *Webster v. M/V Moolchand, Sethia Liners, Ltd.,* 730 F.2d 1035, 1040 (5th Cir. 1984). While taking a more liberal approach, the Second Circuit has nevertheless held that the costs of an expert's research and analysis in preparation for trial is not recoverable under § 1920 under the guise of work necessary for producing an exhibit. *In re Air Crash Disaster at John F. Kennedy Int'l Airport,* 687 F.2d 626, 631 (2d Cir.1982) (district court must scrutinize research expense

requests to determine whether necessary to production of exhibits and not merely general research in preparation for trial).

The Tenth Circuit has also held that a prevailing party may not recover expert witness fees indirectly under § 1920(4) as an adjunct to the preparation of trial exhibits, explicitly refusing to interpret the statute as a vehicle for circumventing the established rule on expert witness fees. *See CleveRock Energy Corp. v. Trepel,* 609 F.2d 1358, 1363 (10th Cir.1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980).

 The awarding of costs for preparation of exhibits is committed to the discretion of the trial court. *Id.* at 1363 (citing *Mikel v. Kerr,* 499 F.2d 1178, 1183 (10th Cir.1974)). The court has reviewed the documentation submitted by Green in support of its request for fees for exemplification and copies of papers necessarily obtained for use in the case. The court agrees that the amounts challenged by KPL are in fact fees for experts and consultant services, and do not qualify as fees for exemplification and copies of papers necessarily obtained for use in the case. *See Frigiquip,* 75 F.R.D. at 614 (expenses of expert witness for preparing analytic report introduced into evidence not properly claimed as fees for exemplification).

To the extent minor portions of the amounts challenged are directly related to the production of exhibits, Green's documentation does not permit the court to determine whether these particular exhibits were admitted at trial, or if not, whether they were otherwise necessarily obtained for use in the case. *See U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245–46 (10th Cir.1988); *Mikel v. Kerr,* 499 F.2d at 1183. Further, since such costs are not specifically listed in § 1920, the Tenth Circuit has denied them if the prevailing party has not sought advance court approval of the exhibit as necessary for the jury's or the court's proper consideration of the case. *See Euler v. Waller,* 295 F.2d at 767; *see also* 10 Wright & Miller § 2677, at 369; *cf. U.S. Indus.,* 854 F.2d at 1248 (failure to obtain court approval of special expense

---

5. The legal definition of the term "exemplification" is "[a]n official transcript of a document from public records, made in form to be used as evidence and authenticated or certified as a true copy." *Black's Law Dictionary* 571 (6th ed. 1990).

prior to trial dictates against granting costs of daily transcripts). The court will therefore deduct the following amounts from the costs awarded by the clerk to Green:

| | |
|---|---|
| Dames & Moore | $ 963,433.26 [6] |
| Dow Geological | 16,466.22 |
| Peterson & Co. | 20,908.00 |
| Dr. Jack Hilf, P.E. | 6,049.51 |
| | |
| TOTAL | $1,006,856.99 |

KPL also contends that the court should exercise its discretion in favor of reducing several other categories of costs claimed by Green. These will be addressed in turn.

2. *Deposition Transcripts.* KPL challenges the award totalling $28,086.25 for court reporter fees for transcripts necessarily obtained for use in the case.[7] *See* 28 U.S.C. § 1920(2). KPL argues that Green has not established that the deposition transcripts claimed as such expenses were "necessarily obtained for use in the case."

■ The trial court has great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself. *See Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993); *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d at 1245–46; *Burk v. Unified School Dist. No. 329*, 116 F.R.D. 16, 18 (D.Kan.1987); *Ortega v. Kansas City, Kansas*, 659 F.Supp. 1201, 1219 (D.Kan.1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir.), *cert. denied*, 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989). Whether or not

such materials were necessarily obtained for use in the case is a factual determination based on the existing record or the record supplemented by additional proof. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d at 1245. Use at trial by counsel or the trial court readily demonstrates necessity. *Id.* at 1246. However, if materials are reasonably necessary for use in the case even though not used at trial, the court may find necessity and allow the cost of such items. *Id.* (citations omitted); *see also Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 434 (10th Cir.1990) (local rule restricting costs to depositions received in evidence or used by court in ruling on summary judgment motion is narrower than § 1920). Even if the court determines that the materials were necessarily obtained for use at trial, the amount of the award requested must be reasonable. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d at 1245, 1246 (citations omitted).

■ For documentation in support of its request, Green submits only a list of deponents, the dates on which they were deposed, and the amount of the transcript cost. Green has also submitted copies of the court reporters' statements for each deposition for which costs are claimed. Green has made no attempt to show the court that any of these depositions were necessarily obtained for use in the case.[8]

The court has determined after conducting its own review of the file that the depositions of Otha Harper, John Van Holt, Marion Blank, Shannon Casey, Morgan Dickinson,

---

**6.** KPL's motion itemizes $963,163.26 in fees attributable to Dames & Moore, which is correct based upon Green's supporting documentation. However, the expense summary submitted by Green in support of the award of costs itemizes $963,433.26 in fees for Dames & Moore, and that amount is included in the clerk's assessment. The difference of $270 is due to Green's clerical error, and should not have been included in the award of costs. The court intends to deduct $963,433.26, reflecting all such fees included in the clerk's assessment of costs, including the $270 resulting from the clerical error.

**7.** Contrary to KPL's argument, the costs assessed by the clerk do not include court reporter appearance fees. In its untimely reply, Green acknowledges that while court reporter appearance fees were itemized in its documentation, Green failed to include appearance fees in the bill of

costs. The court will not consider Green's belated attempt to claim appearance fees.

**8.** Even in its untimely response, Green simply asserts that "[e]ach witness submitted to this court as a taxable cost was necessarily deposed for use in the case." The court is of course not bound by the bald representations of the party claiming such costs. *See U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d at 1245 ("[i]tems proposed by winning parties as costs should always be given careful scrutiny") (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964)). Even if the court were to consider Green's untimely response, Green has not directed the court to any persuasive evidence to support a determination that the depositions were necessarily obtained for use in the case.

and Don Gupta were read into evidence at trial. In addition, the depositions of John Stack and Peter Stauffer were admitted into evidence. The costs of those depositions, totalling $4,536.25, will be allowed, since they are deemed necessarily obtained for use in the case under Tenth Circuit precedent.[9] *See id.* at 1246; *see also Merrick,* 911 F.2d at 434. However, since Green has made no attempt whatsoever to demonstrate that any of the other depositions were necessarily obtained for use in the case, or even that the depositions were reasonably necessary in light of the facts known to counsel at the time they were taken, the costs of those depositions, totalling $23,550.00, will be disallowed. *See id.* at 434–35.

3. *Deposition Copies Claimed as Printing.* Next, KPL challenges the amount billed as costs for printing. Green claimed $9,938.45 as printing fees. KPL contends that the documentation submitted by Green in support of its claim shows that the amounts requested for printing were in fact costs for making copies of depositions. The court has reviewed the documentation and agrees with KPL that all of the itemized amounts for printing are for the expenses of obtaining carbon and disk copies of depositions and deposition exhibits, including $292.55 in postage and Federal Express costs.[10]

 The amounts claimed for carbon and disk copies of depositions should have been included under the category of copies of papers rather than printing. *See Ramos v. Lamm,* 713 F.2d at 560; *Ortega v. Kansas City,* 659 F.Supp. at 1219. The cost of copies of depositions may be allowable under certain circumstances, and this applies to copies of both an opponent's and the prevailing party's own depositions. *SCA Services, Inc. v. Lucky Stores,* 599 F.2d 178, 181 (7th Cir. 1979). However, as costs associated with copies of papers, these costs must be sup-

ported by a showing that the copies were necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4); *West Wind Africa Line v. Corpus Christi Marine Services Co.,* 834 F.2d 1232, 1238 (5th Cir.1988); *Ramos v. Lamm,* 713 F.2d at 560; *SCA Services,* 599 F.2d at 181. Green once again has not made the requisite showing. Further, several of the specific deposition copies for which costs are requested under the category of printing are duplicate copies of transcripts for which costs were also requested by Green under the category of court reporter fees. For those deposition transcripts for which the court allowed costs, the amount claimed and awarded included fees for the original deposition and one copy. Hence, the request for additional copies of these depositions claimed as printing expense is excessive.

 Finally, the court notes that the amount requested for deposition copies includes $1,340 for converting several depositions to computer disks, in addition to the expense of paper copies. Green has made no attempt to show the court that this is an authorized, reasonable, and necessary expense. Further, several courts have held that expenditures for computerized litigation support, document retrieval, and document management are not taxable as costs. *See Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 643–44 (7th Cir.1991); *Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263, 309 n. 75 (2d Cir.1979), *cert. denied,* 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980); *E.E.O.C. v. Sears, Roebuck & Co.,* 111 F.R.D. 385, 394–95 (N.D.Ill.1986); *Litton Systems, Inc. v. A.T. & T.,* 613 F.Supp. 824, 836 (S.D.N.Y. 1985); *see also U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d at 1245–47 (affirming district court's disallowance of costs for computerized database for management and analysis of litigation documents); *Chicago*

---

9. The documentation submitted by Green does not permit the court to isolate the specific costs associated with the depositions of Dickinson, Stack, and Stauffer. The court has therefore allowed the appropriate proportion of the total costs requested for the groups of depositions in which these deponents were included in the court reporters' statements.

10. This court has previously held that postage and Federal Express delivery expenses are not recoverable as costs. *See, e.g., Gordon v. Hercules, Inc.,* 1989 WL 8008, at *2 (D.Kan. Jan. 30, 1989); *Ortega v. Kansas City,* 659 F.Supp. at 1219 (postage not a statutorily authorized cost). Therefore, even if the amount requested for copies of depositions were recoverable, the court would exclude the costs attributable to postage ($22.40) and Federal Express ($270.15).

*College of Osteopathic Medicine v. George A. Fuller Co.,* 801 F.2d 908, 911–12 (7th Cir. 1986) (dictum); *cf. Ortega,* 659 F.Supp. at 1219 (refusing to tax computerized legal research as costs).

The court will therefore disallow all of the costs claimed under the category of printing, a reduction of $9,938.45.

4. *Witness Fees.* Next, KPL contests the amount awarded Green for witness fees. Green sought and obtained from the clerk an award totalling $25,609.63 for attendance fees, subsistence, and mileage expenses for 23 witnesses.

KPL first challenges the award totalling $4,832.02 in witness fees for J. David McClung, Chief Executive Officer of Green Holdings, Inc.; Perry J. Moore, Vice–President of Finance for Green Holdings, Inc.; and Joseph Trio, Vice–President of Green Construction Company. KPL argues that fees for witnesses who are employees of a corporate party are not automatically recoverable.

▆▆ While the expenses of witnesses who are parties to the litigation normally are not taxable, the expenses of a director or officer of a corporate party who is not personally involved in the litigation may be taxable if he is testifying on behalf of the corporation he represents, and that corporation is a party to the lawsuit. 10 Wright & Miller § 2678, at 376; *see Kemart Corp. v. Printing Arts Research Lab., Inc.,* 232 F.2d 897, 901–02 (9th Cir.1956); *Gelda v. R.O.I. Enterprises, Inc.,* 581 F.Supp. 553, 555 (E.D.Mo.1984); *Simmons v. McLean Trucking Co.,* 100 F.R.D. 61, 63 (D.Ga.1983); *Mastrapas v. New York Life Ins. Co.,* 93 F.R.D. 401, 405–06 (E.D.Mich.1982); *Marcoin, Inc. v. Edwin K. Williams & Co.,* 88 F.R.D. 588, 591 (E.D.Va.1980); *Dorothy K. Winston & Co. v. Town Heights Dev., Inc.,* 68 F.R.D. 431, 432–34 (D.D.C.1975); *Electronic Specialty Co. v. International Controls Corp.,* 47 F.R.D. 158, 162 (S.D.N.Y.1969). The witnesses challenged by KPL were not parties to this litigation, and KPL has not persuaded the court that these individuals had any more personal interest in the litigation than a natural concern for the welfare of their corporate employers. *See Electronic Specialty Co.,* 47 F.R.D. at 162. Consequently, Green will not be denied witness fees for these three individuals on the basis that they are corporate officers and employees.

▆▆ KPL next argues that Green has sought fees for certain witnesses for days when they were not testifying. KPL argues that the award of witness fees should be reduced for this reason by a total of $4,305.65 for Perry Moore, Clarence Nelson, and Doug Rapp. The total awarded by the clerk for these three witnesses is $5,381.22. KPL does not explain in its motion to review costs how it arrived at the amount it seeks to have excluded from the bill of costs, or which days it contends the witnesses were not testifying. Further, attendance and subsistence allowances for witnesses are not restricted to the days the witness actually testifies, but may also be awarded for each day the witness necessarily attends trial, time spent during delays and temporary adjournments, and the time necessary for travel to and from the place of attendance. 10 Wright & Miller § 2678, at 384–86; *see, e.g., Mastrapas v. New York Life Ins. Co.,* 93 F.R.D. at 405–06 (citing cases).

▆▆ Nevertheless, the documentation submitted in support of the costs assessed by the clerk shows that the amount claimed as fees and expenses for Clarence Nelson, $2,224.07, was solely incurred during the time of trial. However, Clarence Nelson did not testify at trial, and Green therefore may not claim expenses for Nelson as a necessary witness. Similarly, although Doug Rapp did not testify at trial, the documentation submitted in support of his witness fees, totalling $1,148.50, reflects expenses associated only with his attendance at trial. Finally, Perry Moore did not give live testimony at trial, but rather testified by deposition. However, the documentation submitted in support of the bill of costs claims only expenses associated with his attendance at trial, totalling $2,008.65. As a general rule, no witness fee may be taxed for a person who travels to the courthouse but does not testify at trial. 10 Wright & Miller § 2678, at 377. Green has not submitted any evidence to rebut the presumption that naturally arises under such circumstances that Nelson, Moore, and Rapp were not necessary witnesses. *See id.* Con-

sequently, the court will disallow the witness fees claimed for Nelson, Rapp, and Moore, for a total reduction of $5,381.22.

Next, KPL argues that the per diem attendance fee should be reduced by a total of $320 because several witnesses testified prior to December 1, 1990, the effective date of the statutory increase in per diem attendance fees from $30 to $40. *See* 28 U.S.C.A. § 1821(b) (Historical and Statutory Notes, 1990 Amendment); Pub.L. 101–650, Title III, § 314(a), 104 Stat. 5115 (effective Dec. 1, 1990). The court agrees. Accordingly, the amount awarded Green will be reduced by $320 to reflect the lower statutory attendance fee in effect prior to December 1, 1990.

Next, KPL argues that certain amounts allowed for travel and mileage expenses exceed the statutory limitation in 28 U.S.C. § 1821(c)(1), which provides in part that a witness travelling by common carrier shall be paid at the most economical rate reasonably available for the shortest practical route to and from the place of attendance. In addition, KPL claims that Green is not entitled to recover certain travel expenses for witnesses KPL contends did not testify at trial.

■ The court notes that KPL, in objecting to witness fees, does not invoke the "100–mile rule," a limitation traditionally imposed by courts on mileage claimed for witnesses residing outside the geographic range of the court's subpoena power. *See West Wind Africa Line v. Corpus Christi Marine Services Co.*, 834 F.2d at 1237 (explaining rationale for rule); *Moe v. Avions Marcel Dassault–Breguet Aviation*, 727 F.2d 917, 936 (10th Cir.) (affirming district court's application of 100–mile rule for the transportation costs of witnesses), *cert. denied*, 469 U.S. 853, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984); *Fleet Inv. Co., Inc. v. Rogers*, 620 F.2d 792, 794 (10th Cir. 1980) (while district court has discretion to award costs in excess of 100 miles from place where trial is held, such request appeals to

the court's discretion; hence parties who obtain a witness from outside 100–mile limit without advance approval do so at their peril); *Linneman Constr., Inc. v. Montana–Dakota Utilities Co., Inc.*, 504 F.2d 1365, 1371 (8th Cir.1974) (rule after *Farmer* is to limit travel expenses for witness outside district to 100 miles absent special circumstances). *But see Shevin v. Lederman*, 92 F.R.D. 752, 753 (D.Colo.1981) (modern litigation, with interstate and international travel of witnesses a commonplace necessity, has rendered 100–mile limit antiquated). *See generally* 10 Wright & Miller § 2678, at 379–83. Nevertheless, in exercising its discretion in taxing witness fees, the 100–mile rule is a proper and necessary consideration on the part of the district court. *Farmer v. Arabian American Oil*, 379 U.S. at 234, 85 S.Ct. at 415. In considering whether to allow expenses for travelling in excess of 100 miles, the court should consider the length of the journey, the necessity of the testimony, and the possibility of averting the travel expense. *West Wind Africa Line*, 834 F.2d at 1237.

■ KPL first challenges the award to Green for airfare expenses for Harold Arthur, an expert witness from Denver. Arthur testified on November 14–15 and again on December 11, 1990. The court therefore finds that Arthur was a necessary witness, and further finds that the length of the trip was not excessive. Green was awarded $1,890.38 for Arthur's airfare, including $936.20 for the initial round trip [11] and $954.18 for the second round trip from Denver to Kansas City. KPL challenges $954.18 of this amount as excessive, contending that it represents first-class airfare.[12] The airfare passenger receipts submitted by Arthur show that he flew first class on both round trips. As previously noted, however, the statute limits recovery of travel expenses for witnesses travelling by common carrier to the most economical rate reasonably available. *See* 28 U.S.C. § 1821(c)(1); *see also*

---

11. The documentation submitted by Arthur to Green reflects that Arthur returned an airfare ticket purchased by Green Holdings, Inc. for $702.00. The court assumes that Arthur made his own travel arrangements instead of travelling by the arrangements made on his behalf by Green Holdings.

12. It is not at all clear to the court why KPL does not specifically challenge the second round-trip airfare. However, the court notes that because of Green's typographical error, the itemized amount for Arthur's mileage is shown as only $1,390.38, although the total amount claimed and awarded for his witness fees included $1,890.38 in travel expenses, consistent with his supporting documentation.

*Shevin v. Lederman*, 92 F.R.D. at 753 (although witness may have chosen to travel at some rate other than coach class, prevailing party should not be forced to pay additional costs simply to accommodate his personal preference). The court is of the opinion that the amounts claimed for airfare on behalf of Arthur are excessive and are not based upon the most economical rate reasonably available. The court will therefore reduce the amount awarded for Arthur's airfare to a total of $1,300.00 for both round trips, a reduction of $590.38 from the amount awarded.

■ Second, KPL challenges the amount of $675.00 awarded to Green for Joseph Haynes' round trip airfare from Houston to San Francisco on December 1, 1987. Haynes was apparently deposed in San Francisco on or about December 3, 1987, according to other documentation supporting Green's bill of costs. He also testified at trial on November 7, 1990.[13] Witness fees are payable for attendance at depositions as well as for attendance at trial. *See* 28 U.S.C. § 1821(a)(1). The receipt submitted in support of the airfare award shows that Haynes flew coach class. The court finds that the amount claimed for airfare is reasonable. However, Green has not persuaded the court that it was necessary for Haynes to fly from Houston to San Francisco to be deposed for this case, clearly well beyond the geographical limits of this court's subpoena power. *See West Wind Africa Line*, 834 F.2d at 1237 (when deposition of witness who resides more than 100 miles outside district must be taken, lawyers must choose either to travel to witness or induce the witness to travel to the district). The court therefore exercises its discretion to limit the travel expenses for Joseph Haynes's deposition to $50.00, allowing 25 cents per mile for 100 miles each way, for a reduction of $625.00 from the amount assessed by the clerk.

■ Third, KPL challenges the amount of airfare awarded for Thomas Falcey, a

Seattle consultant. Green claimed $821.50 for Falcey's airfare, but did not submit any documentation to support the claim. The statute requires production of a receipt or other evidence of the actual cost of travel by witnesses travelling by common carrier. *See* 28 U.S.C. § 1821(c)(1). Further, Falcey did not testify at trial. Although he was deposed in Kansas on behalf of KPL on June 21, 1990, Green has not submitted any proof whatsoever that the amount claimed is for his appearance at the deposition. Further, the deposition was neither admitted into evidence nor read at trial. The court will therefore disallow in full the amount of airfare awarded for Thomas Falcey, for a reduction of $821.50 from the amount assessed by the clerk.

■ KPL also challenges as excessive the travel expenses awarded for Robert James, an Oklahoma consultant. The documentation submitted in support of the expenses claimed for Robert James shows that he travelled round trip by air on three separate occasions during trial, but testified only on December 11, 1990, as a rebuttal witness. While no receipt was submitted in support of James' claimed airfare expenses, Green nevertheless claimed a total of $630.24 for his travel, including the cost of three round trips by air, airport parking for all three trips, and mileage at 24 cents per mile[14] for three round trips by car from his residence in Ada to the Oklahoma City airport. Green is statutorily entitled to recover only the reasonable actual expenses of common carrier travel for James for his attendance at trial for the time necessary for his appearance as a witness. *See* 28 U.S.C. § 1821(c)(1). The court finds the distance travelled to be reasonable, but assessing KPL the costs of three round trips is excessive and is certainly not authorized by statute. The court will therefore allow a total of $186.00 for Robert James' travel expenses, including airfare for one round trip ($138.00) and associated mileage to and from the airport (192 miles at the statutory rate of .25 per mile, for a total of $48.00).[15] The

---

13. KPL does not challenge the airfare claimed for Haynes' attendance at trial.

14. For reasons unclear to the court, Green's bill of costs consistently calculates mileage fees on the basis of 24 cents per mile, although the statutory rate is 25 cents per mile. *See* 5 U.S.C. § 5704(a)(2). The court declines to recalculate

mileage for each of Green's witnesses, except for those fees that KPL has specifically challenged.

15. Although Green also requested parking fees on behalf of James, no receipt has been submitted. *See* 28 U.S.C. § 1821(c)(3) (parking fees allowable upon presentation of valid parking receipt).

total amount allowed is $444.24 less than the mileage expense awarded by the clerk for Robert James' appearance as a witness.

█ Next, KPL challenges the amount awarded for mileage expenses of Demetrius Koutsoftas, who testified at trial on December 6–7, 1990. Green claimed mileage for 3,622 miles of roundtrip motor travel from San Francisco to Topeka. KPL contends that the bill of costs contains no support for the recovery of this mileage expense. However, the statute does not require documentation to be submitted in support of a claim for mileage on behalf of a witness who has travelled by privately owned vehicle. *See* 28 U.S.C. § 1821(c)(2). Further, computation of mileage is to be made in accordance with a uniform table of distances adopted by the Administrator of General Services. 28 U.S.C. § 1821(c)(2). *See Household Goods Carriers' Bureau, Mileage Guide No. 16* (Rand McNally & Co. 1993). According to that table, the mileage between Topeka and San Francisco is 1,751. At the statutory rate of 25 cents per mile, the mileage fees allowable under § 1920 therefore amount to $875.50, slightly in excess of the mileage amount claimed by Green on behalf of Koutsoftas, $869.28. Nevertheless, Green has not persuaded the court that it was necessary to obtain the testimony of a witness residing so far from the place of trial. The court will therefore limit the amount assessed KPL for mileage on behalf of Koutsoftas to $50.00, on the basis of 100 miles each way at the statutory mileage rate of 25 cents per mile, for a reduction of $819.28.

Next, KPL challenges the amount of subsistence fees claimed by Green for its witnesses. The applicable amount was $69.00 per day for Topeka, Kansas, at the time of trial. *See* 41 C.F.R. 301, Appendix A (1990); *see also* 28 U.S.C. § 1821(d)(1), (2). The court agrees that the amounts awarded Green for subsistence expenses of some of its witnesses exceed the applicable limits. The court will therefore reduce the amount of subsistence expenses awarded for J. David McClung by $312.02, for Jon Pattinson by $88.00, and for Joseph Trio by $1,138.10, for a total reduction of $1,538.12.[16]

16. KPL has also challenged the amount of subsistence expenses claimed for Clarence Nelson. However, the court has already disallowed Nel-

5. *Copies of Papers.* Finally, KPL challenges the amount of $2,966.94 in fees assessed for exemplification and copies of papers necessarily obtained for use in the case. The documentation submitted by Green in support of its claim indicates that these expenses were incurred for photocopying, enlarging, and marking exhibits. KPL contends that Green has not made the requisite showing that any of the copies were necessarily obtained for use at trial. Further, KPL argues that $339.20 of the amount requested was in fact for extra copies of materials already available to Green. Of this amount, KPL contends that $174.20 was paid by Green's counsel to KPL's counsel for making copies of materials allegedly lost from Green's files by counsel in a mishap in transit to Topeka.

█ The court will disallow the $165.00 claimed for payment to the clerk of the court for uncertified photocopies of court records. Of this amount, $43.00 was itemized by the clerk for copies of documents in a court file not even remotely associated with this case. Further, money spent to copy court filings is not recoverable under 28 U.S.C. § 1920(4) where the copies are for the successful litigant's own use. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990). Green has not demonstrated that the uncertified copies obtained from the clerk's office of the United States District Court in Topeka were necessarily obtained for use in the case. *See id.* ("for use in the case" refers to materials actually prepared for use in presenting evidence to the court).

█ Similarly, the amount paid by Green's counsel to counsel for the defendant, $174.20, has not been shown to be for copies necessarily obtained for use in the case. The only documentation submitted in support of this claimed expense is a copy of a check issued in the amount claimed, with the notation "for copying expense." Green has not persuaded the court that this expense was incurred for copies necessary for the purpose of submitting evidence to the court, as op-

son's witness expenses in full since he did not testify at trial.

posed to copies for use by counsel. It will therefore be disallowed.

Green also claims a total of $925.10 for several foamcore enlargements. Green does not indicate whether these enlargements were for the purpose of producing trial exhibits. The court assumes they were used, if at all, as demonstrative evidence for the purpose of illustrating certain exhibits to the jury.

■■■■ The term "exemplification" in 28 U.S.C. § 1920(4) has been quite broadly defined by the courts to include a variety of demonstrative evidence, including models, charts, photographs, illustrations, and similar graphic aids. *Bartell,* 101 F.R.D. at 584–85.[17] However, such costs are generally denied in the absence of prior court approval unless the court is persuaded that the demonstrative evidence was essential to the prevailing party's case. *Id.* at 585. This is the rule followed in the Tenth Circuit. *See Euler v. Waller,* 295 F.2d at 767 (cost of map prepared by surveyor disallowed absent prior court approval). In this district, we have held that while not an absolute prerequisite, it is advisable to obtain authorization from the court prior to trial before incurring large expenses for such materials if counsel expects to have them taxed as costs. *See Miller v. City of Mission, Kansas,* 516 F.Supp. 1333, 1339–40 (D.Kan.1981). Further, the expense of items that merely illustrate expert testimony or other evidence adduced at trial are normally not taxable. *Id.* Green did not obtain prior approval from this court for the purpose of taxing the costs of such enlargements, and does not assert that the enlargements were for any purpose other than illustrating other evidence before the jury. These claimed expenses will therefore be disallowed.

■■■■ The remaining costs claimed for exemplification and copies of papers have not been shown by Green to have been necessary for use in the case. Green has merely submitted statements from copying services for several thousand photocopies, without identifying the use made of the photocopied materials. In the absence of such information, the court may disallow such expenses. *Ortega,* 659 F.Supp. at 1218; *see Commercial*

*Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1367 (7th Cir.1990) (in response to challenge of copying costs as inadequately identified, prevailing party's counsel responded with affidavit identifying documents copied and justifying their use). The nominal amount claimed for exhibit labels is an incidental expense of trial and is not recoverable. *See* 10 Wright & Miller § 2677, at 370. The court will therefore disallow in full the amount of $2,966.94 claimed by Green for exhibit and document enlargements, copies, and labels.

*Summary.* For the reasons set forth in this memorandum, the amount of costs assessed by the clerk will be reduced as follows:

| | |
|---|---|
| Expert Witness Fees | $(1,006,856.99) |
| Deposition Transcripts | (23,550.00) |
| Deposition Copies | (9,938.45) |
| Witness Fees: | |
| Witnesses Not Testifying at Trial | (5,381.22) |
| Attendance Fees | (320.00) |
| Transportation Expenses: | |
| Arthur | (590.38) |
| Haynes | (625.00) |
| Falcey | (821.50) |
| James | (444.24) |
| Koutsoftas | (819.28) |
| Subsistence Fees | (1,538.12) |
| Copies of Papers | (2,966.94) |
| | |
| Total Reduction | $(1,053,852.12) |

**IT IS BY THE COURT THEREFORE ORDERED** that the clerk shall retax $1,053,852.12 in previously assessed costs to plaintiff Green Construction Company.

**IT IS FURTHER ORDERED** that the total amount of costs taxed to defendant KPL is revised to $19,799.14.

---

17. Compare the legal definition of the term in Black's Law Dictionary, *supra* note 4.